DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
WAI TING CHAN, JOANNA CHEN, NA
LIN, JENNIFER SHUM, NAVITA SINGH,
YUEXIN YANG individually and on behalf of
others similarly situated,

**COMPLAINT**

                  *Plaintiffs*,

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

       -against-

CLEAR19 DIAGNOSTICS, LLC, CLEAR19
RAPID TESTING, LLC, CLEARMD, LLC
ALI RASHAN, M.D. and SANDEEP KAUR
WALIA,

**ECF Case**

                *Defendants.*
------------------------------------------------------X

       Wai Ting Chan ("Plaintiff Chan" or "Ms. Chan") Joanna Chen ("Plaintiff Chen" or "Ms.

Chen"), Na Lin ("Plaintiff Lin" or "Ms. Lin"), Jennifer Shum ("Plaintiff Shum" or "Ms. Shum"),

Navita Singh ("Plaintiff Singh" or "Ms. Singh"), Yuexin Yang ("Plaintiff Yang" or "Ms. Yang")

(collectively Plaintiffs), individually and on behalf of others similarly situated, by and through

their attorney DANIEL TANNENBAUM, ESQ., and as against CLEAR19 DIAGNOSTICS,

LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC,  ("Defendant Corporations") ALI

RASHAN, M.D. ("Individual Defendant" or "Mr. Rashan")  and SANDEEP KAUR WALIA

("Individual Defendant" or "Ms. Walia"), (collectively, "Defendants"), allege as follows:

**NATURE OF ACTION**

      1.    Plaintiffs are former employees of Defendants CLEAR19 DIAGNOSTICS, LLC,

CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP

KAUR WALIA.

2.      Defendants CLEAR19 DIAGNOSTICS, LLC, and CLEAR19 RAPID TESTING, LLC own, operate, or control a medical company headquartered at 606 WEST 57TH, NEW YORK, NY, United States, 10019 operating under the name CLEAR19 DIAGNOSTICS, LLC, and CLEAR19 RAPID TESTING, LLC.

3.      Defendant CLEARMD, LLC owns, operates, or controls a medical company headquartered at 2007 Broadway, New York, NY 10023 operating under the name CLEARMD, LLC.

4.      Upon information and belief, individual Defendants ALI RASHAN, M.D. and SANDEEP KAUR WALIA, serve or served as owner, manager, principal, or agent of Defendant medical companies operating under the name CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC and CLEARMD, LLC and, through these corporate entities, operates or operated the business as a joint or unified enterprise.

5.      Plaintiffs were employees of Defendants.

6.      Plaintiff Chan was employed as a Medical Assistant in New York, NY.

7.      Plaintiff Chen was employed as a Medical Assistant in New York, NY.

8.      Plaintiff Lin was employed as a Medical Assistant in New York, NY.

9.      Plaintiff Shum was employed as a Medical Assistant in New York, NY.

10.     Plaintiff Singh was employed as a Medical Assistant in New York, NY.

11.     Plaintiff Yang was employed as a Medical Assistant in New York, NY.

12.     At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours worked.

13.     Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiffs appropriately for hours worked.

14.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

15.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

16.    Plaintiffs now brings this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the spread of Hours Wage Order), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a facility located in this district. Further, Plaintiffs were employed by Defendants in this district.

20.    Plaintiffs now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y.

Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

## PARTIES

*Plaintiffs*

21.    Plaintiff Chan is an adult individual residing in Kings County, New York.

22.    Plaintiff Chen is an adult individual residing in Kings County, New York.

23.    Plaintiff Lin is an adult individual residing in Kings County, New York.

24.    Plaintiff Shum is an adult individual residing in Kings County, New York.

25.    Plaintiff Singh is an adult individual residing in Queens County, New York.

26.    Plaintiff Yang is an adult individual residing in Queens County, New York.

27.    Plaintiff Chan was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately September 6, 2021 until on or about October 26, 2021.

28.    Plaintiff Chen was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately September 30 2021 until on or about November 13, 2021.

29.    Plaintiff Lin was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately March 26, 2021 until on or about. September 26, 2021.

30.    Plaintiff Shum was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately September 17 2021 until on or about November 2, 2021.

31.    Plaintiff Singh was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately August 23, 2021 until on or about October 20, 2021.

4

32.    Plaintiff Yang was employed by Defendants CLEAR19 DIAGNOSTICS, LLC, CLEAR19 RAPID TESTING, LLC, CLEARMD, LLC, ALI RASHAN, M.D. and SANDEEP KAUR WALIA from approximately August 2, 2021 until on or about October 17, 2021.

33.    Plaintiffs primary work location was at 1693 Broadway, New York, NY 10019.

34.    Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

35.    At all relevant times, Defendants own, operate, or control a medical company headquartered at 606 WEST 57TH, NEW YORK, NY, United States, 10019 operating under the name CLEAR19 DIAGNOSTICS, LLC, and CLEAR19 RAPID TESTING, LLC.

36.    Upon information and belief, CLEAR19 DIAGNOSTICS, LLC, and CLEAR19 RAPID TESTING, LLC are domestic corporations existing under the laws of the State of New York.

37.    At all relevant times, Defendants own, operate, or control a medical company headquartered at 2007 Broadway New York NY 10023-5002 operating under the name CLEARMD, LLC.

38.    Upon information and belief, CLEARMD, LLC is a domestic corporation existing under the laws of the State of New York.

39.    Defendant ALI RASHAN, M.D. is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant ALI RASHAN, M.D. is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant ALI RASHAN, M.D. possesses or possessed operational control over Defendant Corporations, has or had an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. He determines or determined the

wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

40.    Defendant SANDEEP KAUR WALIA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant SANDEEP KAUR WALIA is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant SANDEEP KAUR WALIA possesses or possessed operational control over Defendant Corporations, has or had an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. She determines or determined the wages and compensation of the employees of Defendants, including Plaintiffs, establishes or established the schedules of the employees, maintains employee records, and has or had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

41.    Defendants operate a medical company operating in New York. State.

42.    Individual Defendants, ALI RASHAN, M.D. and SANDEEP KAUR WALIA, possess or possessed operational control over Defendant Corporation, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

43.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

44.    Individual Defendants possess substantial control over Plaintiffs' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs.

45.    Defendants jointly employed Plaintiffs are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

46.    In the alternative, Defendants constitute a single employer of Plaintiffs.

47.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

48.    Upon information and belief, in each year from 2020 to 2021, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

49.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

*Plaintiffs*

50.    Plaintiffs are former employees of Defendants.

<u>*Plaintiff Wai Ting Chan*</u>

51.    Plaintiff Chan was employed by Defendants from approximately September 6, 2021 until on or about October 26, 2021.

52.    Defendants employed Plaintiff Chan as a medical assistant.

53.    Plaintiff Chan regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

54.    From approximately September 6, 2021 until on or about October 26, 2021, Plaintiff Chan's schedule was approximately Monday 8am to 8pm and Tuesday 8am to 8pm.

55.    Plaintiff Chan would regularly work an additional 1 or 2 hours per scheduled workday.

56. Throughout her employment, Defendants paid Plaintiff Chan her wages by direct deposit.

57. Defendants paid Ms. Chan at the rate of $18 per hour.

58. Plaintiffs Chen's pay rate did not vary even when she was required to work overtime hours.

59. Defendants did not grant Plaintiff Chan uninterrupted breaks or meal periods.

60. Defendants did not provide Plaintiff Chan an accurate statement of wages, as required by NYLL 195(3).

61. Defendants did not give any notice to Plaintiff Chan of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

62. Defendants reduced the hours worked and pay of Ms. Chan on or about October 18, 2021 by approximately 3 hours.

63. Defendants did not pay the final paycheck owed to Ms. Chan by the next regular pay date, or at any time, as required by NYLL §191(3).

### *Plaintiff Joanna Chen*

64. Plaintiff Joanna Chen was employed by Defendants from approximately September 30, 2021 until on or about November 13, 2021.

65. Defendants employed Plaintiff Chen as a medical assistant.

66. Plaintiff Chen regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

67. From approximately September 30, 2021 until on or about October 15 2021, Plaintiff Chen's schedule was approximately 8:00 a.m. until on or about 2:00 p.m, Monday Tuesday and Wednesday and 2:00 p.m. until on or about 8:00 p.m on Fridays.

68. From approximately October 15, 2021 until on or about November 13, 2021 From Plaintiff Chen's schedule was approximately 8:00 a.m. until on or about 1:00 p.m, Monday and

Wednesday, 8:00 a.m. until on or about 8:00 p.m, Tuesdays, and 3:00 p.m. until on or about 8:00 p.m Wednesday day per week.

69.    Throughout her employment, Defendants paid Plaintiff Chen her wages by direct deposit.

70.    From approximately September 30, 2021 until on or about November 13, 2021 at the rate of $18 per hour.

71.    Plaintiffs Chen's pay rate did not vary even when she was required to work overtime hours.

72.    Defendants did not grant Plaintiff Chen uninterrupted breaks or meal periods.

73.    Defendants did not provide Plaintiff Chen an accurate statement of wages, as required by NYLL 195(3).

74.    Defendants did not give any notice to Plaintiff Chen of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

75.    Defendants reduced the hours worked and pay of Ms. Chen on or about October 18, 2021 by approximately 3 hours.

76.    Defendants did not pay the final paycheck owed to Ms. Chen by the next regular pay date, or at any time, as required by NYLL §191(3).

*Plaintiff Na Lin*

77.    Plaintiff Na Lin was employed by Defendants from approximately March 26, 2021 until on or about September 26, 2021.

78.    Defendants employed Plaintiff Lin as a medical assistant.

79.    Plaintiff Lin regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

80.    From approximately March 2021 until on or about April 15 2021 Plaintiff Lin's schedule was Fridays 12pm - 8pm, Saturday 10am- 3pm, and Sunday 10am-6pm. Starting April

16th Plaintiff Lin's schedule was Friday 8am- 8pm, Saturday 10am - 4pm, and Sunday 10am-6pm. Starting May 16th Plaintiff Lin's schedule was Sunday 10am- 6pm, Thursday 2pm - 8pm and Friday 8am - 8pm. Starting June 1st Plaintiff Lin's schedule was Monday 2pm- 8pm, Thursday 2pm- 8pm, Friday 8am- 8pm and Sunday 10am- 6pm. Starting July 8, 2021 Plaintiff Lin's schedule was Monday 2pm- 8pm Thursday 8am- 8pm Friday 8am- 8pm and Sunday 10am-6pm. Starting August 26th Plaintiff Lin worked Thursday 8am-8pm and Sunday 10am-6pm.

81.     Plaintiff Lin would regularly work an additional 1 or 2 hours per scheduled workday.

82.     Throughout her employment, Defendants paid Plaintiff Lin her wages by direct deposit.

83.     From approximately March 2021 until on or about May 1, 2021 Defendants paid Plaintiff Lin on an hourly basis, at the rate of $15.50 per hour; Starting May 1st at the rate of $16.50 per hour; Starting July 15 at the rate of $18 per hour and Starting August 16 until September 26, 2021 at the rate of $22 per hour.

84.     Plaintiffs Lin's pay rate did not vary when she was required to work overtime hours.

85.     Defendants did not grant Plaintiff Lin uninterrupted breaks or meal periods.

86.     Defendants did not provide Plaintiff Lin an accurate statement of wages, as required by NYLL 195(3).

87.     Defendants did not give any notice to Plaintiff Lin of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

### *Plaintiff Jennifer Shum*

88.     Plaintiff Shum was employed by Defendants from approximately September 17, 2021 until on or about November 2, 2021.

89.     Defendants employed Plaintiffs as a Medical Assistant.

90.    Plaintiff Shum regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

91.    From approximately September 17, 2021 until on or about November 4, 2021, Plaintiff Shum's schedule was Wednesdays 8am-4pm, Thursdays 8am-4pm, Fridays 8am-8pm, and Saturday 10am-6pm.

92.    Throughout her employment, Defendants paid Plaintiff Shum her wages by direct deposit.

93.     Plaintiff Shum would regularly work an additional 1 or 2 hours per scheduled workday.

94.    Defendants reduced the hours worked and pay of Ms. Shum on or about October 18, 2021 by approximately 3 hours.

95.    Defendants paid Plaintiff Shum on an hourly basis, at the rate of $18.00 per hour.

96.    Plaintiffs Shum's pay rate did not vary even when she was required to work overtime hours.

97.    Defendants did not grant Plaintiff Shum uninterrupted breaks or meal periods.

98.    Defendants did not provide Plaintiffs an accurate statement of wages, as required by NYLL 195(3).

99.    Defendants did not give any notice to Plaintiffs of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

100.    Defendants did not pay the final paycheck owed to Ms. Chen by the next regular pay date, or at any time, as required by NYLL §191(3).

*Plaintiff Navita Singh*

101.    Plaintiff Singh was employed by Defendants from approximately August 23, 2021 until on or about October 20, 2021.

102.    Defendants employed Plaintiffs as a medical assistant.

103.    Plaintiffs regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

104.    From approximately August 23, 2021 until on or about October 20, 2021 Plaintiff Singh's schedule was from approximately 2pm - 8pm Mondays, 8am-8pm Tuesdays,  8am - 2pm Wednesday, 2pm - 8pm Thursday, and 10 am - 6pm Saturday.

105.     Plaintiff Singh would regularly work an additional 1 or 2 hours per scheduled workday.

106.    Throughout her employment, Defendants paid Plaintiff Singh her wages by direct deposit.

107.    Defendants paid Plaintiff Singh on an hourly basis, at the rate of $22.00 per hour.

108.    Plaintiffs Singh's pay rate did not vary when she was required to work overtime hours.

109.    Defendants did not grant Plaintiff Shum uninterrupted breaks or meal periods.

110.    Defendants reduced the hours worked and pay of Ms. Singh on or about October 18, 2021 by approximately 3 hours.

111.    Defendants did not provide Plaintiff Singh an accurate statement of wages, as required by NYLL 195(3).

112.    Defendants did not give any notice to Plaintiff Singh of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

113.    Defendants did not pay the final paycheck owed to Ms. Singh by the next regular pay date, or at any time, as required by NYLL §191(3).

*Plaintiff Yuexin Yang*

114.    Plaintiff Yang was employed by Defendants from approximately August 2, 2021 until on or about October 17, 2021.

115.    Defendants employed Plaintiff Yang as a medical assistant.

116.    Plaintiff Yang regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

117.    From approximately From August 2, 2021 to August 27, 2021 Plaintiff Yang worked Thursdays and Fridays from approximately , Sundays and Mondays (4 days) 8:00 am to 8:00 pm, Sundays from approximately 10:00 am to 6:00 pm, and Monday from approximately 8:00 am to 2:00 pm. In September and October Plaintiff Yang worked 3 days; On Sunday approximately 10:00 am to 6:00 pm, Monday approximately 8:00 am to 8:00 pm, and Tuesday approximately 12pm to 8pm.

118.    Plaintiff Yang would regularly work an additional 1 or 2 hours per scheduled workday.

119.    Defendants paid Plaintiff Yang on an hourly basis, at the rate of $22.00 per hour.

120.    Plaintiffs Yang's pay rate did not vary when she was required to work overtime hours.

121.    Defendants did not grant Plaintiff Yang uninterrupted breaks or meal periods.

122.    Defendants reduced the hours worked by Ms. Yang on or about October 18, 2021 by approximately 3 hours.

123.    Defendants did not provide Plaintiff Yang an accurate statement of wages, as required by NYLL 195(3).

124.    Defendants did not give any notice to Plaintiff Yang of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

125.    Defendants did not pay the final paycheck owed to Ms. Yang by the next regular pay date, or at any time, as required by NYLL §191(3).

126.    Ms. Yang raised issues regarding her unpaid overtime and the changing of her timesheets by Ms. Walia, to Ms. Walia.

127.    Ms. Yang related to Ms. Walia that if matters could not be resolved she would consider going to the Department of Labor for assistance.

128.    Soon thereafter Ms. Yang's employment was terminated.

*Defendants' General Employment Practices*

129.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

130.    Plaintiffs were a victim of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages owed for the hours worked.

131.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

132.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

133.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

134.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs (and all similarly situated employees).

135.    Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of

pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

136.    Plaintiffs brings their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

137.    At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

138.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

139.    Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

140.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

141.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

142.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203 (r-s).

143.    Defendants, in violation of the Fair Labor Standards Act. 29 U.S.C. § 203 *et seq*., failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

144.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of the Fair Labor Standards Act.

145.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

146.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law § 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

148.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

149.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

150.    Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

151.    Plaintiffs repeats and reallege all paragraphs above as though fully set forth herein.

152.    Defendants failed to provide Plaintiffs with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

153.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of

pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

156.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## FLSA – RETALIATION

157.    Plaintiffs repeat and realleges all paragraphs above as if fully set forth herein.

158.    Defendants have willfully violated the anti-retaliation provisions of the FLSA, which prohibit "any person" from "discharging or in any other manner discriminating against an employee because that employee has engaged in protected conduct." 29 U.S.C. § 215(a)(3).

159.    Plaintiff Yang is an "employee" within the meaning of 29 U.S.C. §§ 203(a) and 215(a)(3).

160.    The Defendants are "persons" within the meaning of 29 U.S.C. §§ 203(e)(1) and 215(a)(3), are each subject to liability for retaliatory conduct.

161.    Plaintiff Yang engaged in protected conduct by raising issues regarding her unpaid overtime and the changing of timesheets by Ms. Walia.

162.    Ms. Yang engaged in protected conduct by reporting these concerns to Ms. Walia.

163.    Ms. Yang engaged in protected conduct by relating to Ms. Walia that if matters could not be resolved she would consider going to the Department of Labor for assistance.

164.    Defendants took adverse action against Plaintiff Yang in response to these protected activities.

165.    Plaintiff Yang has been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## NYLL – RETALATION

166.    Plaintiffs repeat and realleges all paragraphs above as if fully set forth herein.

167.    Defendants have willfully violated NYLL § 215, which states, "no employer or his agent … shall discharge, penalize or in any other manner discriminate against any employee because such employee has made a complaint etc."

168.    Plaintiff Yang is an "employee" within the meaning of NYLL §§ 2(5) and 215(1).

169.    The Defendants are "employers" and "agents" within the meaning of the NYLL. Plaintiff Greene engaged in protected conduct by bringing this action against defendants.

170.    Plaintiff Yang has been damaged in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## NEW YORK LABOR LAW – FAILURE TO PAY TIMELY WAGES

171.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

172.    The timely payment of wages provisions NYLL § 191 and its supporting regulations apply to Defendants and protect Plaintiff and the New York Class.

173.    Defendants failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(3)

174.    Due to Defendants' violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendants the amount of their untimely unpaid wages as well as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs'and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e)    Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)    Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(g)    Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h)    Declaring that Defendants violated the notice and recordkeeping requirements of

the NYLL with respect to Plaintiffs's compensation, hours, wages and any deductions or credits taken against wages;

(i)    Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j)    Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(k)    Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b), 198(1-d);

(l)    Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(m)    Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York

November 22, 2021

By: /s Daniel Tannenbaum

DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

November 17, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Joanna Chen

Legal Representative / Abogado:         Daniel Tannenbaum, Esq.

Signature / Firma:                      *Joanna Chen*

Date / Fecha:                           November 17, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

November 18, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Wai Ting Chan

Legal Representative / Abogado:         Daniel Tannenbaum, Esq.

Signature / Firma:                      *Wai Ting Chan*

Date / Fecha:                           November 18, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

October 26, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:

Legal Representative / Abogado:        Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:        October 26, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

October 26, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:        Navita Singh

Legal Representative / Abogado:        Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:        October 26, 2021

Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

October 22, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    Yuexin Yang

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                     October 22, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, NY 10036
Telephone: (212) 457-1699

October 31, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Na Lin

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                     October 31, 2021