# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699

July 8, 2022

**By ECF**

Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Lin v. Clear19 Diagnostics, LLC* 1:21-cv-09687-JGK (S.D.N.Y.)

*Fairness Review of FLSA Settlement*

Dear Judge Koeltl:

      This office represents plaintiffs in the above referenced matter. The parties write jointly pursuant to case law in the Second Circuit, to respectfully request that the Court approve the settlement, pursuant to *Cheeks v. Freeport Pancake House*, Inc., 796 F.3d 199 (2d Cir. 2015) and dismiss the case with prejudice. The parties have agreed to a negotiated settlement ("Agreement") after extensive settlement discussions before the Court appointed mediator, Ray Mariani, Esq., at mediation held on May 10, 2022 which ended with a settlement in principle of the Action. A copy of the fully-executed Agreement is attached hereto as "Exhibit A."

      The parties respectfully ask the Court to retain jurisdiction for purposes of enforcement of this settlement if approved.

**1.**      **Background and Procedural History**

      Plaintiffs filed their Complaint against Defendants alleging claims for (1) unpaid overtime under the Fair Labor Standards Act ("FLSA"); (2) unpaid overtime under the New York Labor Law ("NYLL"); (3) failure to provide NYLL § 195(1) notice; (4) failure to provide NYLL § 195(3) statements; (5) retaliation under the FLSA; (6) retaliation under the NYLL; and (7) failure to timely pay wages in violation of NYLL § 191 (3).

      Following the filing of this suit, Daymien Farrulla expressed his interest in joining in the action and participated in the held mediation. His alleged claims are for unpaid overtime under the FLSA and NYLL, failure to provide a NYLL § 195(1) notice, failure to provide NYLL § 195(3) statements, and failure to timely pay wages in violation of NYLL § 191(3) (Named Plaintiffs with Farrulla collectively referred to as "Plaintiffs")

{01026764.DOC.2}

Plaintiffs allege that they were employed by Defendants as medical assistants. Plaintiffs allege that Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty hours per week without paying them the proper overtime compensation required by federal and state laws.

Defendants deny the allegations in the Complaint.

**2.   Settlement Terms**

The parties have agreed to settle the FLSA causes of action in their entirety for the payment of the following by defendants[1]:

    a) $20,750.00 in wage damages, inclusive of attorneys fees and costs;

    b) $3,250 in retaliation damages , inclusive of attorneys fees and costs;

As noted above, for the Court's convenience a copy of the Agreement is annexed hereto as Exhibit A.

**3.   Applicable Factors for Approving FLSA Settlements**

The Second Circuit requires that settlement agreements in Fair Labor Standards Act (FLSA) cases obtain court or Department of Labor approval. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). District courts in the Second Circuit "approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Clem v. Keybank, N.A.*, 2014 U.S. Dist. LEXIS 87174 (S.D.N.Y. June 20, 2014) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 476 (S.D.N.Y. 2013).

Courts evaluating whether stipulated FLSA settlements are reasonable consider a variety of factors, including:

(1) the plaintiffs' range of possible recovery;

(2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses;

(3) the seriousness of the litigation risks faced by the parties;

(4) whether the settlement is the product of arm's-length bargaining between experienced counsel; and

(5) the possibility of fraud or collusion.

---

[1] Settlement of the remaining causes of action have similarly been settled as well by separate settlement agreement for the total additional sum of $24,000.

*See Wolinsky v Scholastic, Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (internal quotations omitted).

**4.     Application of FLSA Factors to the Proposed Settlement**

As discussed below, the parties believe that the proposed settlement terms in this case are fair and reasonable to plaintiffs and defendants. The settlement represents a good faith compromise of the parties' *bona fide* dispute.. Defendants contend that there were no violations of the FLSA and that, even if there were any, they were not willful and that Defendants have acted in good faith at all times. Plaintiffs' counsel shared his calculations of the alleged damages under plaintiffs' theories and the parties used this information to negotiate a fair settlement. This compromise was reached at mediation after arms-length negotiations between the parties.

As to the range of recovery, plaintiffs consider this to be a fair settlement because it exceeds the back-pay owed. In addition, plaintiff Yang's recovery for her retaliation claim closely mirrors the expected damages owed to her under that claim at this time. These facts, coupled with: a) the early stage of litigation; and b) the relatively swift payout to plaintiff (as opposed to a speculative payment after years of litigation in the District Court) weigh in favor of settlement.

With respect to avoiding anticipated burdens and expenses, litigating FLSA damages can be and would be a fact-intensive process demanding in-depth and costly investigation by both parties. Without this settlement, both parties would need to spend significant amounts of time, money and expense to undertake lengthy discovery. Furthermore, with respect to the third factor, as noted above, there is no guarantee of success on either side. Given the uncertainty over the potential outcome, both parties were motivated to settle this dispute. With respect to the fourth factor, both parties engaged in good faith, arm's-length negotiation in reaching this settlement. The fact that the settlement was negotiated at arms' length, compels the conclusion that the proposed settlement is fair and should be approved. *Johnson v. Brennan*, 2011 WL 4357376, *12 (S.D.N.Y. 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."). This is particularly so in light of the fact that the settlement is the result of hard fought negotiations between counsel. *Meigel v. Flowers of the World, NYC, Inc.,* 2012 U.S. Dist. LEXIS 2359, 2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* 2011 U.S. Dist. LEXIS 144798 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to plaintiff' wage claims and the fact that the settlement was reached pursuant to arm's length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable."). Finally, given the parties' arms-length negotiating at mediation, the parties believe that there was no opportunity for and no possibility of fraud or collusion. The attorneys represented their clients zealously and obtained what both parties consider to be an appropriate settlement.

**5.     Attorney's Fees and Costs**

Plaintiffs' counsel will receive $8,450 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation after costs, agreed to by Plaintiffs and their counsel. Plaintiff's counsel's lodestar in this case is $14,360.00. A copy of Plaintiff's

billing record is attached as "Exhibit C." Mr. Daniel Tannenbaum's standard billing rates are $350 an hour.

The amount provided to Plaintiff's counsel from the settlement fund is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010).

Plaintiff's attorney presents a brief biography as follows:

Daniel Tannenbaum is the principle of the Law Office of Daniel Tannenbaum, Esq. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. He is responsible for a regular caseload involving all aspects of the firm's employment docket in federal court.

\*      \*      \*

For all of the above reasons, the parties believe that this proposed settlement is fair and reasonable and therefore the parties respectfully request that the Court So Order the Stipulation of Settlement that is appended to the Agreement as Exhibit "A" and dismiss this case with prejudice. The parties thank the Court for its attention to this matter.

Respectfully submitted,

/s/*Daniel Tannenbaum*
Daniel Tannenbaum, Esq.
Attorney for the Plaintiff

Enclosures
cc:    Paul Pagano, Esq.